IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL ANN SCHWIEMANN, | ) | CASE NO. 1:15 CV 47 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me on referral[1] is an action by Carol Ann Schwiemann under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has filed a motion to dismiss for lack of timeliness,[3] Schwiemann has filed a response in opposition,[4] and the Commissioner has filed a reply.[5] For the reasons that follow, I recommend that the motion be granted.

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document entry order dated January 9, 2015.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 11.

[5] ECF # 12.

## Relevant Facts

It is undisputed that Schwiemann filed her complaint late.[6] She filed it on January 9, 2015, one day after the expiration of the sixty-day period prescribed by 42 U.S.C. § 405(g).[7] The sole issue before me then is whether the doctrine of equitable tolling applies in this case.

Schwiemann's counsel argues for equitable tolling based on circumstance created by two "very daunting and challenging undertakings" occurring between September and December of 2014 that caused her to miss the filing deadline.[8] During that time, Schwiemann's counsel states that her firm implemented new case management software, which purportedly required importing eight hundred or so existing client files into the system.[9] Around that same time, counsel now asserts, a new attorney joined the firm, bringing some five hundred additional cases that also needed to be imported.[10] In the midst of this transition, counsel maintains that Schwiemann's file information was improperly entered into the system.[11] This error, counsel argues, was the cause of the untimely filing and allegedly provides a basis for equitable tolling.[12]

---

[6] ECF # 11 at 2.

[7] *Id.*

[8] ECF # 11 at 3.

[9] *Id.*

[10] *Id.* at 3-4.

[11] *Id.* at 4.

[12] *Id.*

**Analysis**

42 U.S.C. § 405(g) provides a mechanism by which a claimant may seek judicial review of the Commissioner of Social Security's final decision: A civil action filed in the United States District Court within sixty days of the notice of that decision "or within such further time as the Commissioner of Social Security may allow."[13] This sixty-day provision is not jurisdictional.[14] It is a statute of limitations.[15] In appropriate cases it is subject to the doctrine of equitable tolling.[16] The Supreme Court has found such application to be fully consistent with congressional purpose.[17]

The potential for equitable tolling is not without limit, however. Quite to the contrary, and bounded by the manifest need to "move cases to speedy resolution in a bureaucracy that processes millions of claims annually,"[18] the Supreme Court has recognized a *necessary* limitation on the application of the doctrine to "rare" cases.[19]

---

[13] 42 U.S.C. § 405(g).

[14] *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).

[15] *Bowen v. City of New York*, 476 U.S. 467, 479-80 (1986).

[16] *See*, *id*.

[17] *Id.* at 480.

[18] *Id.* at 481.

[19] *Id.*

Mindful of this limitation, the Sixth Circuit has consistently upheld as proper district courts' strict application of this sixty-day limit[20] and "*sparing*[] bestow[al of] equitable tolling."[21] And absent equitable tolling, the statutory time limit is strictly enforced. A claimant filing on day sixty-five,[22] or even day sixty-one,[23] is subject to dismissal for untimeliness. Looking to interests beyond those of any specific claimant, the Sixth Circuit's has justified strict adherence to the statutory time limit.

> "Although allowing [claimant] to file his complaint one day late likely would create little prejudice to the Commissioner ... there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."[24]

In assessing whether equitable tolling applies in a given case, the Sixth Circuit applies the *Holland* two-part test.[25] That test provides that a claimant is entitled to equitable tolling

---

[20] *White v. Comm'r of Soc. Sec.*, 83 F. App'x 70, 71-72 (6th Cir. 2003) (unreported case).

[21] *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (emphasis added).

[22] *See*, *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 48 (6th Cir. 2008) (unreported case).

[23] *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007).

[24] *Id.*; *cf. Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to federal courts are not to be disregarded by courts out of a vague sympathy for particular defendants.").

[25] *See*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (departing from previous *Dunlap* five-factor inquiry).

only by showing: "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary* circumstance stood in his way," thus preventing timely filing.[26]

Drawing the boundary for appropriate application of equitable tolling, the Sixth Circuit instructs that "[g]enerally, a lawyer's mistake [does not constitute] a valid basis" for equitable tolling.[27] Indeed, in the absence of *extreme* circumstances, equitable tolling may not be premised on mere attorney negligence.[28]

Missing a deadline because of a subordinate's mistake[29] or implementation of a new computer system[30] does not constitute extreme circumstances that merit equitable tolling.

---

[26] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (emphasis added).

[27] *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003) ("The remedy for negligence by a party's lawyer is generally a legal malpractice suit ... not forcing the opposing party to defend against a stale claim.").

[28] *See*, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) ("[T]he attorney is the petitioner's agent when acting or failing to act ... and the petitioner must bear the risk of attorney error."); *see*, *David v. Hall*, 318 F.3d 343, 346 (1st Cir. 2003) ("If carelessness were an escape hatch from statutes of limitations, they would hardly ever bar claims."), *but see*, *Rouse v. Lee*, 339 F.3d 238, 250 n.14 (4th Cir. 2003) (suggesting equitable tolling may be appropriate when attorney conduct rises to the level of "utter abandonment").

[29] *See*, *e.g.*, *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (paralegal's clerical error in computing time does not merit equitable tolling); *see*, *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004) ([W]hile "task of keeping track of necessary deadlines will involve some delegation," the ultimate responsibility of any error "falls on the attorney.").

[30] *See*, *e.g.*, *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 408 (4th Cir. 2010) (affirming denial of motion where counsel was aware of deadline but missed it due to computer problems); *see*, *e.g.*, *Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996) (lower court did not abuse discretion in denying one-day extension after lawyer's computer malfunctioned).

Accordingly, and as is the case here, missing a filing deadline because of an error in data entry is better considered "garden variety" attorney misconduct or "excusable neglect."[31]

While it is possible for attorney conduct to be so unprofessional as to rise to the level of "extraordinary" or "egregious,"[32] the facts presented here clearly fall short of that. Accordingly, equitable tolling of the statutory sixty-day limit in this case is inappropriate.

## Conclusion

As discussed above, because the doctrine of equitable tolling is not applicable, I recommend that the Commissioner's motion to dismiss the claim as untimely be granted.


Dated: March 19, 2015                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[33]

---

[31] *See Holland*, 560 U.S. at 652.

[32] *Id.* ("To be sure, [counsel] failed to file [the] petition on time and appears to have been unaware of the date on which the limitations period expired – two facts that alone might suggest simple negligence. But, in these circumstances, the record facts ... suggest that the failure amounted to more: [counsel failed to file petition on time despite many letters from client repeatedly emphasizing the importance of doing so, counsel failed to do necessary research, counsel failed to inform client that the state supreme court had decided his case, and counsel failed to communicate with client over a period of years despite client's pleas to respond].").

[33] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).